UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

v.                                              Hon. Janet T. Neff

SAYLIS HOOKAH LOUNGE AND CAFE, LLC,      Case No. 1:18-cv-00488
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 10), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B). A hearing on the motion was held October 9, 2018.

Summonses were returned executed as to all defendants (ECF Nos. 6 and 7). Defendants failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to all defendants on June 28, 2018 (ECF No. 9). Plaintiff, through counsel, appeared for the October 9, 2018 hearing on the motion for default judgment. The defaulting parties did not appear for the hearing or contact the court in any way.[1]

## THE PARTIES

Plaintiff, J & J Sports Productions, Inc., is a corporation claiming that defendants violated the Cable & Television Consumer Protection and Competition Act ("CTCPA"), 47

---

[1] The court notes that subsequent to the hearing in this matter, but before this Report and Recommendation issued, an attorney appeared on behalf of defendants. However, no further action has been taken on their behalf.

U.S.C. § 605, by broadcasting a program for which they had not purchased a commercial license from Plaintiff. The defendants are not minors or incompetent persons. Saylis Hookah Lounge and Cafe, LLC, is the corporate defendant in this matter. Joint and several liability for the non-corporate defendants, Mahad Bussuri, Ilyas Bussuri, and Sabrin Amin will be discussed below.

## **STANDARD**

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

2

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

Plaintiff, J & J Sports Productions, Inc., paid for and was given the exclusive nationwide television distribution (closed circuit) rights to the "Fight of the Century," Floyd Mayweather, Sr. versus Manny Pacquaio Championship Fight Program. According to plaintiff's complaint, defendants and/or their agents did unlawfully intercept and exhibit the program at the time of its transmission at their commercial establishment, The Saylis Hookah Lounge. Plaintiff, J & J Sports Productions, Inc., claims that the defendants violated the Cable & Television Consumer Protection and Competition Act ("CTCPA"), 47 U.S.C. § 605, by broadcasting a program for which they had not purchased a commercial license from Plaintiff. In addition, plaintiff claims that defendants Mahad Bussuri, Ilyas Bussuri and Sabrin Amin violated the Michigan Uniform Voidable Transfers Act ("MUVTA"), MCL 566.31 et seq. and that the transfer of the subject property is voidable.

Plaintiff's motion for default judgment (ECF No. 10) is detailed, well supported and supplemented by affidavit (ECF No. 13) a proposed judgment (ECF No. 12) and additional briefing (ECF No. 14). As the defendants have not answered or otherwise pled, the allegations against them are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6) and entry of default judgment is appropriate at this time.

## DAMAGES

### I. Economic Damages

Plaintiff has established that the cost of purchasing the pay-per-view event titled "The Fight of the Century" Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight

Program (the "Program"), had Defendants done so through appropriate methods, would have been $6,000.00. The court concludes that the facts in the complaint state a claim under the Cable & Television Consumer Protection and Competition Act ("CTCPA"), 47 U.S.C. § 605, as Defendants broadcast a program for which they had not purchased a commercial license from Plaintiff. Plaintiff is entitled to recover its economic damages in the amount of the $6,000 licensing fee.

## II.     Statutory Damages

Plaintiff alleges that Defendants' violation was willful and done for "indirect commercial advantage." See 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff provided evidence that two factors pertaining to commercial advantage are present here—a $10 cover was charged at the business and the business remained at or near capacity all night. (ECF No. 10-2); *see e.g., Joe Hand Promotions, Inc. v. Pickett*, Case No. 15-478, 2016 WL 3668162, at *5 (N.D. Ohio July 11, 2016). Plaintiff also noted Defendants' failure to appear and defend the action as evidence of willfulness. *See Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, Case No. 11-377, 2011 WL 5389425, at *3 (S.D. Ohio Nov. 7, 2011). Plaintiff stated that, to its knowledge, Defendants are first-time violators and thus Plaintiff does not seek the statutory maximum of $100,000 for a willful violation. *See* 47 U.S.C. § 605(e)(3)(C)(ii). Instead Plaintiff asked this court for a statutory damages award of five times the cost of the program, i.e., five times the amount of its economic damages or $30,000. The court concludes there is sufficient evidence of willfulness and an indirect commercial advantage and an award $30,000 in statutory damages is appropriate. *Id.; See also J & J Sports Productions, Inc. v. Hangovers, LLC, et al.*, Case No. 18-10089 (E.D. Mich. August 6, 2018).

**FEES AND COSTS**

Plaintiff has incurred fees and costs prosecuting this action in the amount of $4,066.99, representing $3,543.50 in attorney fees and $523.49 in costs. Plaintiff provided documentation of its attorney's rates and hours billed as well as the reasonable market rate for like services. (ECF No. 10-4; Page.ID 116). The court concludes these fees and expenses are manifestly reasonable and are properly owed to Plaintiff as the prevailing party under the CTCPA. See 47 U.S.C. § 605(3)(B)(iii).

**INDIVIDUAL LIABILITY**

I. **Mahad Bussuri**

Plaintiff alleges that Defendant Mahad Bussuri is personally liable because, as the owner, he had the right and ability to supervise and was a direct financial beneficiary of Saylis Hookah Lounge and Café, LLC's business activities. *See J & J Sports Productions, Inc. v. Ribeiro,* 562 F.Supp.2d 498 (S.D.N.Y. 2008). The court finds sufficient evidence to hold Defendant Mahad Bussuri personally liable and recommends that judgment be entered jointly and severally against him.

II. **Ilyas Bussuri and Sabrin Amin**

Plaintiff alleges that Defendants Ilyas Bussuri and Sabrin Amin are personally liable because Defendant Mahad Bussuri fraudulently transferred his interest in real estate to them for less than $100 and that transfer is voidable pursuant to the Michigan Uniform Voidable Transfers Act ("MUVTA"), MCL 566.31 et seq. Plaintiff attached the original deed, the deed from Defendant Mahad Bussuri to Defendants Ilyas Bussuri and Sabrin Amin, and a property tax statement establishing the approximate value of the property at $127,200. The court finds sufficient evidence to grant relief under the MUVTA

and therefore enters judgment against Defendants Ilyas Bussuri and Sabrin Amin, jointly and severally, which judgment may be attached by judgment lien to 3700 Weger Pl., Lansing, MI 48910, the property transferred.

## **CONCLUSION**

For the reasons stated above the undersigned recommends that default judgment be entered against all defendants, jointly and severally, in a form similar to the attached proposed judgment, in the amount of $40,066.99, including damages totaling $36,000 and fees and costs in the amount of $4,066.99.


Dated: November 19, 2018                                  /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).